(7 Misc. Rep. 383.)

## In re STORM'S ESTATE.

### In re MANSFIELD et al.

(Surrogate's Court, Westchester County. February, 1894.)

WILLS—COMPELLING PAYMENT OF LEGACIES.

A petition to compel an executor to pay legacies will be denied without prejudice to an action for an accounting, where it appears that there is not sufficient money to pay the legacies without resorting to proceeds of realty which testator directed to be sold for certain purposes.

Petition by John J. S. Mansfield and Elizabeth F. Rissell to compel John I. Storm, as executor of the will of Elizabeth F. Storm, deceased, to pay legacies. The will provided that, after payment of certain expenses and legacies, the residue of the personal estate should go to petitioners. By another clause, testatrix directed the executors to sell the real estate, and distribute the proceeds among certain persons other than petitioners. Petition dismissed.

The petition is as follows:

The petition of Elizabeth F. Rissell and John J. S. Mansfield respectfully shows: First. That your petitioners reside in the city of Newark, and state of New Jersey, and are legatees named in the will of Elizabeth F. Storm, late of the county of Westchester, and by said will a legacy of all the residuary personal estate of the said Elizabeth F. Storm was bequeathed to your petitioners. Second. That the said will was duly admitted to probate by the surrogate's court of the county of Westchester by a decree duly made by said court on the 4th day of May, 1892; and letters testamentary were thereupon issued to John I. Storm, and thereafter, on May 20th, to John J. S. Mansfield, and more than one year has elapsed since said letters were granted. Third. That the personal estate of the said deceased, as appears by the inventory filed in this court, amounted to twenty-seven thousand nine hundred and six and 43-100 dollars. Fourth. That your petitioners are informed and believe the real estate of which the testatrix died seised was, by the terms of her will, converted into personal estate, and subjected, equally with other personal property, to the payment of decedent's debts and administration expenses. Fifth. That the said real estate has not yet been sold, but is valued at more than $18,000, at which sum it was assessed in proceedings had in this court to determine the amount of the inheritance tax. Sixth. That the executors herein have advertised for claims against the said estate, as required by law, and that the amount of claims which have been presented, together with the claims and expenses of administration, amount to less than $7,500. Seventh. That heretofore, under an order of this court, the petitioners each received $2,500 as advance payment on account of their legacy. Eighth. That of the debts and administration expenses there has already been paid out of the original personal estate bequeathed to your petitioners more than $1,900. Ninth. On information and belief, that the holders of unpaid and disputed claims to the amount of $4,448 are willing to postpone the payment of their claims until the real estate aforesaid shall be sold, thus leaving only a disputed claim of $600 which might have to be paid before such sale. Tenth. That the proportion of said expenses, indebtedness, and claims which might be chargeable against the legacies of your petitioners does not exceed $4,500, of which they have already paid more than $1,900, leaving a balance

chargeable against their combined share not to exceed $2,600. Eleventh. That, after deducting from the amount of the said legacies to your petitioners (all the personal estate) the sum heretofore paid to your petitioners, $5,000; debts and expenses of administration heretofore paid from the personal estate bequeathed to your petitioners, $1,900; their fair proportion of the unpaid indebtedness, not to exceed $2,600,—making a total of $9,500,—there still remains of the amount of the said original personal estate bequeathed to your petitioners, over and above all claims, the sum of more than $18,000. Twelfth. That your petitioners are informed and believe that the said executors have sufficient assets in hand, viz. cash in bank, and bonds secured by mortgages on real estate, applicable to the payment on account of your petitioners' legacies, and that the same can be so applied without injuriously affecting the rights of others. Thirteenth. That your petitioners have applied to the said executors for an additional payment on account of their said legacies, and that the same has not been paid. Wherefore, your petitioners pray that a decree be made, requiring the said executors to pay your petitioners, on account of said legacies, the sum of $9,000 each, and that the said John I. Storm, the executor who does not join in this petition, be cited to show cause why the payments aforesaid should not be made on the said legacies.

### The answer of the executor is as follows:

John I. Storm, for answer to the petition of Elizabeth F. Rissell and John J. S. Mansfield, verified the —— day of January, 1893, in the above-entitled proceeding, respectfully shows to this court: First. He admits the first, second, and third allegations set forth in the said petition. Second. He denies the fourth allegation in the said petition,—that the real estate of which testatrix died seised was, by the terms of the will, converted into personal property, and subjected, equally with all other personal property, to the payment of the decedent's debts and administration expenses. Third. He admits the fifth allegation in said petition. Fourth. He admits that the said executors have advertised for claims against the said estate, but he has not sufficient knowledge or information as to the amount of the claims presented, and the expenses of the administration, to admit or deny that they are less than $7,500. Fifth. He admits the seventh allegation in said petition. Sixth. He has not sufficient knowledge or information as to whether or not they have been already paid out of the original personal estate bequeathed to the said petitioners more than $1,900; and he therefore is unable to admit or deny the same, and puts the petitioners to the proof thereof. Seventh. He has no knowledge or information sufficient to admit or deny the truth of the ninth, tenth, eleventh, and twelfth allegations, and he therefore puts the petitioners to the proof thereof. Eighth. He admits the thirteenth allegation of said petition. Ninth. He denies, on information and belief, that there are sufficient assets in the hands of the executors herein to pay all debts and claims and expenses of said estate, and to pay each of the petitioners the sum of $9,000 on account of their legacies. Tenth. He denies that the real estate of which Elizabeth F. Storm died seised is subject or liable to the payment of the decedent's debts, and the expenses of the administration and settling of the estate, but alleges that the personal property of which said deceased died possessed is sufficient to pay all the debts of the said deceased, and the expenses and settling of her estate, and that said personal property is the primary fund from which the same should be paid.

Remsen & Parsons, for petitioners.
M. G. Hart, for executor.

COFFIN, S.   Neither party seems to have had a very strict regard to the provisions of section 2722 (formerly 2717 and 2718) of the Code, in preparing the petition and answer.   Each of the petitioners, however, states his and her claim at $9,000.   The answer,

in effect, sets forth facts calculated to show that it is doubtful whether the petitioners' claims are valid and legal to the extent claimed, and also substantially denying their validity or legality as a whole. The facts gathered from the petition show that:

| | | |
|---|---|---|
| The personal estate was valued at | | $27,906 43 |
| Debts and expenses estimated at | $7,500 | |
| Paid on account of petitioners' legacies | 5,000 | |
| | | 12,500 00 |
| Leaving the residue, from inventory, at | | $15,406 43 |
| One-half of which is | | 7,703 21 |

—Or $1,296.79 less than is claimed by each. This deficiency is sought to be supplied by taking the necessary amounts from the proceeds of the sale of the real estate, which it is claimed will be legal assets when the actual conversion shall have been effected, which has not as yet been done, and which proceeds will be equally liable with the residue of the personal estate for the payment of debts and expenses of administration. The effect of making the decree for the payment to each petitioner of the sum now asked would be to relieve the strictly personal estate from its liability to the extent of about $2,600, and shift it to the proceeds of the sale of the real estate. Can this be done in this case? Ordinarily, the rule is well established that an equitable conversion of realty into personalty takes effect at the death of the testator, and the proceeds are to be regarded as money from that period, and, where no other direction for their disposition is given, may be applied to the payment of debts and expenses of administration, the same as if they had been money in hand at the time of his death. But, where real estate is directed to be sold only for a certain purpose, it is converted only for the purpose of the will, and that a devise for such a purpose, i. e. the payment of certain legacies, does not throw open the fund to simple contract creditors, where there is sufficient personal property to pay the debts. Gibbs v. Ougier, 12 Ves. 413. So, where a devisor directs his land to be sold, and the produce divided between A. and B., the obvious purpose of the testator is that there shall be a sale for the convenience of division, and A. and B. take their several interests in money, and not land. Bogert v. Hertell, 4 Hill, 492, citing Smith v. Claxton, 4 Madd. 484. To hold otherwise would be to ignore and subvert the expressed intention of the testatrix. This is the sole question discussed in the brief submitted. These principles of the law on the subject are not here stated for the purpose of a decision of the question, but in order to show that there is some matter I cannot now try, as well as to show that it is not proved to my satisfaction that there is money or other personal property of the estate, applicable to the payment or satisfaction of the petitioners' claims, which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction. See In re Hedding M. E. Church, 35 Hun, 315. Some of the debts and the expenses of administration, it is understood, have not been fully paid, and the decree asked for would thus injuriously

affect the rights of others entitled to priority of payment. There seems to be no provision in the section for the payment of a part of the claim, except where there are not sufficient funds of the estate to pay all, and there has to be an abatement of legacies, or a pro rata share of the debts fixed, in which cases the decree may direct payment of their just proportional parts where the facts are agreed upon; but where they are in dispute they could only be ascertained on an accounting, which cannot be had in this proceeding. In re Hedding M. E. Church, 35 Hun, 315. A "just proportional part" cannot be arrived at by mere approximation, estimate, guesswork. However, that is not this case. The claim is for $9,000 by each, and there is not sufficient money to pay them without resort to the proceeds of the sale of the realty, and I am not satisfied that such resort can be had; and therefore the petition must be dismissed, without prejudice to an action or an accounting in behalf of the petitioners. Such an accounting, if desired, may be at once had, on application therefor. Decreed accordingly.